No. 436

BROADWAY BANK OF K. C. v. LONG et.
Ohio Appeals, 9th Dist., Medina Co.
No. 73. Decided Feb. 28, 1927

147. BILLS & NOTES—Holder in Due Course—1. The holder of a promissory note endorsed in blank, cannot maintain an action thereon by virtue of 8156 GC. unless the jury be satisfied that he is the holder in due course and has paid value for the note.

2. Where bank is holder of note claiming that it is holding same as collateral security

for a loan made to the endorser thereof, where endorser leaves such note with bank for collection, said bank is not the legal owner and holder of the note, for value, in due course and before due.

First Publication of this Opinion

FUNK, J.

The Broadway Bank of Kansas City commenced its action against D. W. Long and Mary Long in the Medina Common Pleas on a promissory note for $450 executed and delivered by them to L. A. Savidge who endorsed it in blank and delivered it to one J. T. Harwood, who in turn delivered it to the Bank.

Longs denied the Bank was the holder of the note in due course for value and alleged that "plaintiff had due notice of the refusal of defendants to pay same." It was further alleged that the note was obtained by fraudulent representations. The Bank in its reply set forth that it obtained the note before due from Harwood in good faith, for value, without notice of previous dishonor, and that when it was negotiated to Harwood he had no notice of any infirmity or defect in the title of Savidge nor did the Bank.

A verdict was returned for Longs upon which judgment was rendered. Error was prosecuted and the principal error complained of was that there was no evidence to support the verdict and no evidence to submit to the jury; and that the court erred in overruling the Bank's motion for a directed verdict. The Court of Appeals held:

1. Defendant's claim that the Bank took the note merely for collection for Harwood and not as owner, while the Bank claims that it held said note as collateral security for a note given it by Harwood for a loan made to him by it, and that it was thus an innocent holder for value in due course before due.

2. The court, in its charge, stated in part: "If you find by the preponderance of the evidence that said note was held by the bank for collection only without any value - - - and that the note of defendants is now being sought to be collected for the use and benefit of Harwood only and not of the bank - - - plaintiff would not be deemed the legal owner and holder of said note for the purpose of this action and if such be your finding, your verdict should be for the defendants." The bank claims the charge is erroneous.

3. While Harwood, the president and cashier of the bank all testify that the note was delivered to the bank as collateral security, the record shows that the arrangement between Harwood and the Bank was such that the bank sent out these notes, left with it by Harwood as so-called collateral security, for collection as they became due, and when any of them were paid, the amount was credited to Harwood's checking account and was not credited on the note for which they testified such collected note was held as collateral security.

4. The jury was fully justified under the circumstances in finding that the bank was not the legal owner of defendant's note for value, in due course, before due, and there being no prejudicial error in the charge complained of.

Judgment is affirmed.

(Washburn, PJ., and Pardee, J., concur.)

Attorneys—Burch, Bacon, Delinger & Seikel and Wm. D. Pence, Akron, for Bank; Arthur Van Epp and H. J. Sadler, Medina, for Long.

Note—Motion to certify, overruled, 5 Abs. 301.